IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MAURICE RASHEE FLINT,

        Plaintiff,

v.                                      CIVIL ACTION NO.   2:19-cv-00395

CORPORAL CHAD MARTENS,

        Defendant.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 3.)  Before this Court are Defendant's Motion for Summary Judgment (ECF No. 31) and Defendant's Amended Motion for Summary Judgment (ECF No. 35).  For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that this action be **DISMISSED** for lack of subject matter jurisdiction and that Defendant's Motion for Summary Judgment (ECF No. 31) and Defendant's Amended Motion for Summary Judgment (ECF No. 35) be **DENIED** in light of the dismissal.

#### I.    BACKGROUND

Plaintiff Maurice Rashee Flint ("Plaintiff") brings this 42 U.S.C. § 1983 action against Defendant Corporal Chad Martens ("Defendant"), alleging that Defendant "used excessive force against [him]" on February 28, 2019.  (ECF No. 2 at 3–4.)  Plaintiff avers that Defendant "pepper sprayed" him, "punched [him] in the back of [his] head while [he]

was face down on the floor," and "grabbed [him] by [his] hair and rammed [his] face into [a] steel bar covered recreation yard window." (*Id.*) According to Plaintiff, the incidents were captured on surveillance video. (*Id.*) He seeks various nonmonetary relief, including "attention brought to mistreatment of inmates in jail by persons of authority over them," "better psychological and background screening on who is hired into corrections," "[b]etter training for officers to actually correct behavior and rehabilitate inmates reactions and thought processes," to "not have uses of force be 1st and the primary responses to issues in South Central Regional Jail," for this Court "to show it won't tolerate violations/abuse of inmates[,] and that individuals as well as facilities face real penalties and punishments that they will actually be held accountable for their actions." (*Id.* at 4–5.)

## II. ANALYSIS

This action should be dismissed because this Court presently lacks subject matter jurisdiction over it. Specifically, Plaintiff's claim is moot because he requests only nonmonetary relief and has since been relocated to another correctional facility. (*See* ECF No. 2 at 4–5; ECF No. 4 at 1.) In order for this Court to exercise subject matter jurisdiction over an action, "the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed *and* at the time it is decided." *Ross v. Reed*, 719 F.2d 689, 693 (4th Cir. 1983) (emphasis in original). To that end, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *see Williams v. Griffin*, 952 F.2d

820, 823 (4th Cir. 1991). This is because "[a]ny injunctive or declaratory relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted." *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007).

Plaintiff contends that he has standing to bring this action and asserts that because he "was physically injured, his claim for damages cannot become moot." (ECF No. 41 at 14–15.) But Plaintiff did not request monetary relief in his complaint, and he cannot amend his complaint through his response in opposition to Defendant's motion for summary judgment. *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("[P]arties cannot amend their complaints through briefing or oral advocacy."). Even if he could, such an amendment would be prejudicial to Defendant at this late stage in the litigation, following discovery and briefing on motions for summary judgment. *See Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 604 (4th Cir. 2010) (concluding that district court did not abuse discretion by denying leave to amend after close of discovery).

In short, because Plaintiff is no longer incarcerated in the facility where the incidents that are the subject of this action allegedly occurred—and does not assert that he is likely to return in the future—his claims for nonmonetary relief are moot. And because those are the only claims at issue in this action, there is no longer an active case or controversy before this Court, so it lacks subject matter jurisdiction over this matter.

### III. RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that this action be **DISMISSED** for lack of subject matter jurisdiction and that Defendant's Motion for Summary Judgment (ECF No. 31) and Defendant's Amended Motion for Summary

3

Judgment (ECF No. 35) be **DENIED** in light of the dismissal.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.   Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Johnston.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals.   28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTER:    September 23, 2021

Dwane L. Tinsley
United States Magistrate Judge